### J. A. McDANIEL v. JOHN MANN.

In a suit on a note made by the guardian of a minor, and signed as such, if from the allegations of the petition, it appear that the object of the plaintiff is to recover his debt out of the estate of the minor, and the prayer is for judgment against the minor who is alleged to be indebted, it is error to render a judgment against the guardian individually.

ERROR from Walker. Tried below before the Hon. Peter W. Gray.

Suit by John Mann against Mary E. McDaniel, a minor, and J. A. McDaniel, her guardian, on a note for $173 65, as follows:

"One day after date I, James A. McDaniel, guardian of the person and estate of my daughter, Mary E. McDaniel, promise to pay to the order of John Mann the sum of one hundred and seventy-three dollars sixty-five cents, for the board of, and atten-

tion to the said Mary E. McDaniel, with ten per cent. interest from the first day of January last.   Witness my hand as guardian as aforesaid, this 18th February, 1859.

"J. A. McDANIEL,

"Guardian as above stated."

The petition alleged that Mary E. McDaniel was indebted to the plaintiff in said amount for the board and attention expressed in the note, furnished to her at the request of said J. A. McDaniel, her guardian and father; and that being so indebted he executed said note; that both of them have failed to pay the same.  Prayer for citation as to each of the defendants, and that plaintiff "recover of said Mary E. McDaniel said sum of money, interest and costs, and such other relief and judgment as may be just, and will enable petitioner to obtain his rights, and as in duty," &c.

Mary E. McDaniel, by her guardian *ad litem*, appointed by the court, answered by a general demurrer, which was sustained. James A. McDaniel, having failed to answer, a judgment by default was rendered against him "personally" for the amount of the note, interest and cost, less the costs taxed against the plaintiff in favor of Mary E. McDaniel.

*Branch & Abercrombie*, for the plaintiff in error.

*Leigh & Baker*, for the defendant in error.

BELL, J.   We are of opinion that there was error in the rendition of the judgment against James A. McDaniel individually. The petition did not allege that James A. McDaniel was indebted to the plaintiff.   The allegation was that Mary E. McDaniel was indebted to the plaintiff.   The prayer of the petition was for judgment against Mary E. McDaniel; and the prayer for general relief was doubtless intended to entitle the plaintiff to any form of decree which would enable the plaintiff to reach the estate of the minor, in the hands of the guardian.   The note sued on was signed by J. A. McDaniel, "as guardian as aforesaid." The whole petition shows that the object of the plaintiff was to

recover his debt out of the estate of the minor, and that he was not seeking a personal judgment against the guardian. We think, therefore, that the pleadings did not authorize the court to render the judgment against the guardian individually. The judgment is, therefore, reversed, and the cause remanded, that the plaintiff may have an opportunity to amend his pleadings, if he chooses to do so.

Reversed and remanded.